IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRANDON ROBERTS, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-13-1528 |
| BOBBY P. SHEARIN, | * | |
| Defendant | * | |

***

## MEMORANDUM OPINION

Pending is a Motion to Dismiss, or in the alternative, Motion for Summary Judgment filed by Defendant Bobby P. Shearin. ECF 37.[1] Plaintiff has responded. ECF 44 & 45. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, the dispositive motion will be construed as a Motion for Summary Judgment and will be GRANTED.

## Background

The case was instituted upon receipt of a civil rights Complaint filed by Plaintiff Brandon Roberts,[2] an inmate currently confined at the North Branch Correctional Institution ("NBCI"). ECF 1. Plaintiff alleged that Defendant violated his constitutional rights by denying him access to legal materials. Plaintiff was directed to supplement the complaint. ECF 4. By way of Amended Complaint, Plaintiff alleges he and the former Warden and administration at NBCI,

---

[1] On March 21, 2014, Defendant filed a dispositive motion. ECF 18. Thereafter Plaintiff filed a Motion Requesting Discovery, which was denied. ECF 22 & 24. Plaintiff then filed an interlocutory appeal and moved to stay the proceedings until the resolution of the appeal. ECF 32. The request to stay was granted ( ECF 33) and Defendant's dispositive motion was denied without prejudice subject to renewal at the disposition of Plaintiff's interlocutory appeal. ECF 34. Plaintiff's appeal was dismissed with the court's mandate issuing on January 30, 2015. ECF 34 & 35. Defendant moved to renew the previously filed Motion to Dismiss on October 5, 2015. ECF 36. Plaintiff was again advised of his opportunity to respond to the dispositive motion. ECF 38. Plaintiff sought and was granted extensions of time to respond to the renewed dispositive motion. ECF 39, 41, 42, 43.

[2] The initial complaint was joined by three other inmates who were subsequently dismissed form the case. ECF 8.

entered into an agreement to establish a satellite law library within NBCI's segregation unit. ECF 8, p. 2. Thereafter, Plaintiff alleges, the administration ceased its work on the satellite law library and Plaintiff was released to general population. *Id.*, p. 3.

When Plaintiff returned to the segregation unit on or about January 28, 2012, he discovered that no legal library had been established. Rather, a book-mobile style cart was in operation in lieu of a library. *Id.*, p. 3. Plaintiff indicates that the book carts are devoid of any legal research materials, and alleges that Defendant has failed to provide segregation inmates basic research materials such as federal or state digests, legal dictionaries, Sheppard's citations, United States Codes and Statues. *Id.*, p. 4.

Plaintiff indicates that the existing system used to access legal materials is inadequate in that he is forced to request legal research materials by exact citation, it takes weeks to months to obtain the requested materials, and he is only able to obtain five cases at a time, making it difficult to carry out meaningful legal research. *Id.* Plaintiff further indicates that frequently the wrong research is sent, or no response to the request is received, causing him to miss deadlines in with the court. He states that this puts him in a position where he needs to explain to the court the difficulties in preparing his pleadings. *Id.*, p. 5.

NBCI Correctional Librarian Rebecca Hammons avers that NBCI provides computers in the main library and in housing units 2, 3 and 4 which contain legal dictionaries. ECF 18-2, ¶ 4. Hammons further avers that on October 23, 2012, Black's Law Dictionaries were placed in each housing unit at NBCI and in the Main Library for use by inmates.[3] *Id.*, ¶ 4. Inmates housed on housing unit 1, the segregation unit, are permitted to request legal materials from the main

---

[3] Plaintiff disputes Hammons' contention that the segregation unit has a Black's Law Dictionary. ECF 44-1, ¶ 30. Plaintiff further avers that there are no legal research materials in N BCI's main library and that the LASI system is "defunct" as prisoners have not way of knowing what to ask for. *Id.*, ¶¶ 31-32.

2

library. Those materials are delivered to the segregation inmates. *Id.*, ¶ 5. Where the NBCI Main Library does not have the materials requested, the inmates may request materials through the Library Assistance to State Institutions ("LASI") program. *Id.*, ¶9.

From September 22, 2008 through October 12, 2012, Plaintiff checked out and received 17 legal materials, including the Federal Rules of Civil Procedure, treatises, and portions of the Maryland Code. ECF 18-2, ¶ 7; ECF 18-3. From October 12, 2012, to the signing of Hammons' affidavit on February 4, 2014, Plaintiff did not request any legal related cases, books, citations or department directives form the NBCI main library. ECF 18-2, ¶ 8. From December 28, 2011 to October 14, 2013, Plaintiff requested and received approximately 140 legal resources through LASI. ECF 18-4.

## Standard of Review

### A.   Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 561 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 563. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual

3

events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**B.     Motion for Summary Judgment**

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

**Analysis**

Prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith,* 430 U. S. 817, 821 (1977). However:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

5

*Lewis v. Casey*, 518 U. S. 343, 355 (1996).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997), quoting *Lewis*, 518 U.S. at 355. "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349. Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Id.* at 352-352.

In *Christopher v. Harbury*, 536 U.S. 403, 415 (2002), the Court characterized access to the courts claims as being in one of two categories. *Id* at 413. The first, termed "forward looking claims," are cases where official action frustrates a plaintiff's ability to bring a suit at the present time. *Jennings v. City of Stillwater*, 383 F.3d 1199, 1208-09 (10th Cir. 2004). The second class, termed "backward looking claims," arise when a Plaintiff alleges that a specific claim "cannot be tried (or tried with all the evidence) [because past official action] caused the loss or inadequate settlement of a meritorious case." *Id.* at 1209. In this way, the official action is said to have "'rendered hollow [the plaintiff's] right to seek redress' " in the courts. *Id.* (quoting *Christopher*, 536 U.S. at 415 (brackets in original) (internal citations omitted)).

Whether the claim is forward or backward looking, a prisoner claiming he was denied access to the courts must ultimately prove he suffered an actual injury by showing that the defendant's acts hindered his ability to pursue a nonfrivolous legal claim. Conclusory allegations

6

are not sufficient in this regard. *See Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006) (denying access to court claim based on allegation that petition for a writ of certiorari had, for unspecified reasons, been dismissed and where plaintiff did not even mention the point on appeal). The right of access to the courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher*, 536 U.S. at 415.

Plaintiff has established that while housed on segregation at NBCI he did not have access to a satellite legal library. He has, however, failed to allege, much less demonstrate any injury to non-frivolous legal claims caused as a result of the NBCI's system for accessing legal materials. Plaintiff's bald allegations that the system in place at NBCI prohibits his meaningful legal research and resulted in his missing unspecified deadlines are insufficient. The facts before the Court demonstrate that while segregation inmates have more limited access to legal materials than non-segregation inmates and that the main library at NBCI does not possess all of the materials Plaintiff desires, he has nevertheless failed to demonstrate any injury. As such, his claim fails.

## Conclusion

For the aforementioned reasons, Defendant Shearin's Motion, construed as a motion for summary judgment, shall be GRANTED. A separate Order follows.

May 27, 2016
Date

/s/ Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE